# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIERRAVISION, INC.,<br><br>                    Plaintiff,<br><br>    vs.<br><br>GOOGLE, INC.,<br><br>                    Defendant. | CASE NO. 11cv2170 DMS(BGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING *INTER PARTES* REEXAMINATION OF U.S. PATENT NO. RE41,983**<br><br>**[Docket No. 26]** |

This matter comes before the Court on Defendant Google Inc.'s motion to stay proceedings pending *inter partes* reexamination of U.S. Patent No. RE41,983 ("the '983 Patent"). Plaintiff filed an opposition to the motion, and Defendant filed a reply. For the reasons discussed below, the Court grants Defendant's motion.

**I.**

**BACKGROUND**

This case arises out of Defendant's alleged infringement of the '983 Patent. Specifically, Plaintiff alleges Defendant is infringing the '983 Patent through the use of its Google Maps Mobile application.

Plaintiff filed its original complaint against Defendant on March 30, 2011. That Complaint alleged three claims for infringement, each of the '983 Patent but by different defendants, namely

Google, Microsoft and Research in Motion. Each of those defendants moved to sever the claims against it. The Court granted those motions on September 16, 2011, prompting the filing of the present Complaint against Google only.

On November 2, 2011, Defendant Google filed a request for *inter partes* reexamination of the '983 Patent, asking the Patent and Trademark Office ("PTO") to invalidate the claims asserted in this case. After filing that request, Defendant filed the present motion. Since the motion was filed, the PTO has granted Defendant's request for reexamination, and rejected the claims of the '983 Patent that are at issue in this case.

## II.

## DISCUSSION

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). District courts in the Ninth Circuit consider three factors in determining whether to order a stay pending reexamination of a patent. Those factors are: "(1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Medicis Pharmaceutical Corp. v. Upsher-Smith Labs., Inc.*, 486 F.Supp.2d 990, 993-94 (D. Ariz. 2007) (citing *In re Cygnus Telecomms. Tech., LLC*, 385 F.Supp.2d 1022, 1023 (N.D. Cal. 2005)).

**A.    Simplification of Issues and Trial**

Here, Defendant goes through all of the possible outcomes of the reexamination, and argues that under any scenario, a stay of this litigation will simplify the issues and trial of this case. Specifically, if the PTO rejects the asserted claims, this case will be over. If the PTO amends the claims, the original claims will no longer be at issue. Finally, if the PTO confirms the claims, that will narrow the references available to Defendant in this case. Confirmation of the claims will also provide additional prosecution history for use in this case. Plaintiff argues a stay will not simplify the issues in this case.

Although there is a chance the patent claims will emerge from the reexamination process unchanged, the statistics indicate that is unlikely. What is likely is the claims will be either amended or canceled, and if that is the case, a stay will simplify the issues and trial of this case. Cancellation of the claims will result in the ultimate simplification of this case: It will be dismissed. Amendment of the claims will also simplify the issues in numerous ways. Most importantly, it will set the groundwork for the case. With the claims in reexamination, the parties are litigating this case on a bed of shifting sand. The sole basis for the case, the patent claims, are, at this time, uncertain. Staying the case will allow the ground to settle, and may avoid unnecessary and duplicative work. Furthermore, staying the case pending reexamination will allow the parties to complete the prosecution history, which will inform the parties' and the Court's constructions of the asserted claims. Under these circumstances, this factor weighs in favor of a stay.

**B.     Status of the Case**

The next factor looks to the status of the case. This case is in the midst of discovery, and opening Markman briefs are due in the coming days. The parties have exchanged their preliminary infringement and invalidity contentions, and their proposed claim constructions and extrinsic evidence. They have also filed their Joint Claim Construction Chart, Worksheet and Hearing Statement. Defendant argues this is the perfect time to stay the case because full Markman briefing and additional discovery and trial preparation has yet to occur, while Plaintiff asserts a stay should not be imposed because of all the work the parties have put into the case thus far.

Clearly, this case is not in its infancy. The parties have already put forth a great deal of time and effort by completing their preliminary infringement and invalidity contentions and discovery related to claim construction. However, there is much work yet to do in the case, including claim construction briefing and argument, both of which are rapidly approaching. Once claim construction is complete, there would no doubt be a series of summary judgment motions, which will also require a tremendous amount of time and effort. Thus, although the case has progressed past the initial stages, it is not so advanced that a stay is inappropriate. Rather, considering the general time line of patent litigation, there is more work ahead of the parties and the Court than behind the parties and the Court. Thus, this factor weighs in favor of a stay.

## C. Prejudice to Plaintiff

The last factor for the Court's consideration is "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Medicis*, 486 F.Supp.2d at 993-94 (citing *In re Cygnus Telecomms. Tech., LLC*, 385 F.Supp.2d at 1023). Here, Defendant argues Plaintiff will not suffer any prejudice if a stay is issued. Defendant acknowledges the case will be delayed if a stay is issued, but asserts that delay alone does not demonstrate prejudice. Defendant also asserts Plaintiff will not be prejudiced by a stay because it is not a competitor of Defendant, and Plaintiff no longer practices the patented invention.

Plaintiff does not dispute that it is not a competitor of Defendant, or that it no longer practices the patented invention. Plaintiff also does not dispute that delay alone is insufficient to demonstrate prejudice. However, it does argue the risk of prejudice increases with the length of the delay. Plaintiff asserts the delay in this case is likely to be great, perhaps up to five years, given the time required to complete the reexamination process and the likelihood of appeals. It is this lengthy delay that serves as the basis for Plaintiff's argument of prejudice.[1]

To be sure, the reexamination process takes time, and if either party were to pursue appeals, that would extend the delay in litigating this case. However, "delay inherent in the reexamination process does not constitute undue prejudice[.]" *AT&T Intellectual Property I v. Tivo, Inc.*, 774 F.Supp.2d 1049, 1054 (N.D. Cal. 2011). Especially where Plaintiff does not practice the patented invention, and is not a competitor of Defendant, the mere fact and the length of any delay in this case does not demonstrate prejudice sufficient to deny Defendant's request for a stay.

## III.

## CONCLUSION AND ORDER

Considering the factors discussed above, the Court GRANTS Defendant's motion to stay this

---

[1] Plaintiff also asserts Defendant delayed its request for reexamination of the '983 Patent, and Defendant is abusing the reexamination process by requesting reexamination of other patents that it is alleged to infringe. The Court rejects Plaintiff's argument that Defendant delayed its request for reexamination of the patent in suit, and declines to address Defendant's conduct in other cases.

1   / / /

2   / / /

3   case pending the reexamination proceedings.  Upon issuance of a final action in the reexamination
4   proceeding, the parties shall request that the stay be lifted so this case may proceed.  The parties shall
5   include a copy of the PTO's final action with that request.  The Clerk of Court shall administratively
6   close this case.

7   **IT IS SO ORDERED**.

8   DATED:  February 21, 2012

10   HON. DANA M. SABRAW
     United States District Judge